# Supreme Court of Florida

No. SC21-1171

**IN RE: AMENDMENTS TO FLORIDA FAMILY LAW RULES OF PROCEDURE 12.490 AND 12.491, AND FORMS 12.920(A)-(C).**

March 24, 2022

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to Florida Family Law Rules of Procedure 12.490 and 12.491, and Forms 12.920(a)-(c). *See* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b)(1). We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

The Florida Bar's Family Law Rules Committee (Committee) filed a report proposing amendments to Florida Family Law Rules of Procedure (rules) 12.490 (General Magistrates) and 12.491 (Child Support Enforcement), and Forms (forms) 12.920(a) (Motion for Referral to General Magistrate), 12.920(b) (Order of Referral to General Magistrate), and 12.920(c) (Notice of Hearing Before General Magistrate). The Committee's proposed amendments would

align the process for hearings in front of general magistrates under rule 12.490 with the process for hearings in front of child support hearing officers under rule 12.491. Additionally, the proposed amendments would update the forms accompanying rule 12.490, forms 12.920(a)-(c). Currently, under rule 12.490, parties can seek review of the report and recommendations of a general magistrate by filing exceptions. However, under rule 12.491, the parties seek review of the decision of a child support enforcement officer by filing a motion to vacate. Because section 409.25633, Florida Statutes (2021), now allows child support enforcement officers to enter time-sharing orders, the differentiation between general magistrates and child support enforcement officers is less distinct, allowing for the alignment of the rules. Further, as the Committee explains, aligning the rules will allow cases to proceed more efficiently, ease the workload of circuit judges, and eliminate confusion among practitioners and litigants.

The Committee and the Board of Governors of The Florida Bar approved the proposed amendments. The Committee published the proposals for comment prior to filing them with the Court and received four comments, which prompted the Committee to revise

its proposals. The Committee published the revised proposals for comment but received none. After the Committee filed its report, the Court published the proposals for comment. Two comments were received in support of the proposed amendments, and the Committee filed a response, which contained an additional comment it received.

Having considered the proposed amendments, the comments, and the Committee's response, the Court hereby amends rules 12.490 and 12.491, and forms 12.920(a)-(c) as proposed by the Committee. The more significant amendments are discussed below.

First, in rule 12.490, subdivision (e) is retitled "Entry of Order and Relief from Order" and the entire subdivision is revised to provide that a general magistrate submits a recommended order to the court, who then must enter the order unless it is facially or legally deficient. A party may then file a motion to vacate to seek review of the order. Current subdivision (f) is deleted, and current subdivision (g) (Record), is relettered accordingly.

Next, forms 12.920(a)-(c), which correspond with rule 12.490, are updated to reflect the amendments to the rule. Additionally, language is added to the forms' instructions to explain the

-3-

requirements for electronic filing and service.  Language is also added to form 12.920(c) to explain that the ability of the party to pay is a critical issue in contempt proceedings.

Last, throughout the rules and forms, references to the Rules of Judicial Administration are amended to reflect the updated name, the Rules of General Practice and Judicial Administration. *See In re Amends. to Fla. Rules of Jud. Admin.—2020 Regular-Cycle Report*, 310 So. 3d 374 (Fla. 2021).

Accordingly, rules 12.490 and 12.491, and forms 12.920(a)-(c) are hereby amended as set forth in the appendix to this opinion. New language is indicated by underscoring, and deletions are indicated by struck-through type.  The forms are fully engrossed and ready for use.  The forms may also be accessed and downloaded from the Florida State Courts' website at https://www.flcourts.org/Resources-Services/Office-of-Family-Courts/Family-Courts/Family-Law-Forms.  The amendments shall become effective April 1, 2022, at 12:01 a.m.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Family Law Rules of Procedure

Ashley Elizabeth Taylor, Chair, Family Law Rules Committee, Tampa, Florida, Joshua E. Doyle, Executive Director, and Mikalla Andies Davis, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Heather L. Apicella, Chair, Family Law Section of The Florida Bar, Boca Raton, Florida, Kristin R.H. Kirkner, Co-Chair, Rules and Forms Committee, Family Law Section of The Florida Bar, Tampa, Florida, and Jack A. Moring, Co-Chair, Rules and Forms Committee, Family Law Section of The Florida Bar, Crystal River, Florida; and Carlos Fernandez, Chair, Association of Florida Magistrates and Hearing Officers, Miami, Florida, Keith M. Schenck, Chair-Elect, Association of Florida Magistrates and Hearing Officers, Iverness, Florida, Lisa Smith Bedwell, Secretary, Association of Florida Magistrates and Hearing Officers, Orlando, Florida, Maxine A.M. Williams, Immediate Past Chair, Association of Florida Magistrates and Hearing Officers, West Palm Beach, Florida, and Diane M. Kirigin, Former Chair, Association of Florida Magistrates and Hearing Officers, Palm Beach Gardens, Florida,

Responding with comments

# APPENDIX

## RULE 12.490.  GENERAL MAGISTRATES

**(a)**   [No Change]

**(b)**   ~~Reference~~<u>Referral</u>.

(1)   No matter shall be heard by a general magistrate without an appropriate order of ~~reference~~<u>referral</u> and the consent to the referral of all parties. Consent, as defined in this rule, to a specific referral, once given, cannot be withdrawn without good cause shown before the hearing on the merits of the matter referred. Consent may be express or may be implied in accordance with the requirements of this rule.

(A)-(D) [No Change]

(2)   The order of referral ~~shall~~<u>must</u> be in substantial conformity with Florida Family Law Rules of Procedure Form 12.920(b), and ~~shall~~<u>must</u> contain the following language in **bold** type:

**A REFERRAL TO A GENERAL MAGISTRATE REQUIRES THE CONSENT OF ALL PARTIES. YOU ARE ENTITLED TO HAVE THIS MATTER HEARD BEFORE A JUDGE. IF YOU DO NOT WANT TO HAVE THIS MATTER HEARD BEFORE THE GENERAL MAGISTRATE, YOU MUST FILE A WRITTEN OBJECTION TO THE REFERRAL WITHIN 10 DAYS OF THE TIME OF SERVICE OF THIS ORDER. IF THE TIME SET FOR THE HEARING IS LESS THAN 10 DAYS AFTER THE SERVICE OF THIS ORDER, THE OBJECTION MUST BE ~~MADE~~<u>FILED</u> BEFORE <u>COMMENCEMENT OF </u>THE HEARING. IF THIS ORDER IS SERVED WITHIN THE FIRST 20 DAYS AFTER SERVICE OF PROCESS, THE TIME TO FILE AN OBJECTION IS EXTENDED TO THE TIME WITHIN WHICH A RESPONSIVE PLEADING IS DUE. FAILURE TO FILE A WRITTEN OBJECTION WITHIN THE APPLICABLE TIME PERIOD IS DEEMED TO BE A CONSENT TO THE REFERRAL.**

**REVIEW OF THE ~~REPORT AND RECOMMENDATIONS~~<u>RECOMMENDED ORDER</u> MADE BY THE GENERAL MAGISTRATE ~~SHALL~~<u>MUST</u> BE BY ~~EXCEPTIONS~~<u>A</u> MOTION TO VACATE AS PROVIDED IN RULE 12.490(~~f~~<u>e</u>), ~~FLA. FAM. L. R. P.~~<u>FLORIDA FAMILY LAW RULES OF PROCEDURE.</u> A RECORD, WHICH INCLUDES A TRANSCRIPT OF PROCEEDINGS, ~~MAY BE~~<u>IS</u> REQUIRED TO SUPPORT THE ~~EXCEPTIONS~~<u>MOTION TO VACATE, UNLESS WAIVED BY ORDER OF THE COURT PRIOR TO ANY HEARING ON THE MOTION TO VACATE</u>.**

(3)     [No Change]

(4)     When a ~~reference~~<u>referral</u> is made to a general magistrate, any party or the general magistrate may set the action for hearing.

**(c)     General Powers and Duties.** Every general magistrate ~~shall~~<u>must</u> perform all of the duties that pertain to the office according to the practice in chancery and rules of court and under the direction of the court except those duties related to injunctions for protection against domestic, repeat, dating, and sexual violence, and stalking. A general magistrate is empowered to administer oaths and conduct hearings, which may include the taking of evidence. All grounds for disqualification of a judge apply to general magistrates.

**(d)     Hearings.**

(1)     The general magistrate must assign a time and place for proceedings as soon as reasonably possible after the ~~reference~~<u>referral</u> is made and give notice to each of the parties either directly or by directing counsel to file and serve a notice of hearing. If any party fails to appear, the general magistrate may proceed ex parte or may adjourn the proceeding to a future day, giving notice to the absent party of the adjournment. The general magistrate must proceed with reasonable diligence in every ~~reference~~<u>referral</u> and with the least delay practicable. Any party may apply to the court for an order to the general magistrate to

speed the proceedings and to make the ~~report~~recommended order and to certify to the court the reason for any delay.

(2)     The general magistrate must take testimony and establish a record which may be by electronic means as provided by Florida Rule of General Practice and Judicial Administration 2.535(h)(4) or by a court reporter. The parties may not waive this requirement.

(3)     The general magistrate has the authority to examine under oath the parties and all witnesses upon all matters contained in the ~~reference~~referral, to require production of all books, documents, writings, vouchers, and other documents applicable to it, and to examine on oath orally all witnesses produced by the parties. The general magistrate may take all actions concerning evidence that can be taken by the circuit court and in the same manner. The general magistrate has the same powers as a circuit judge to utilize communications equipment as defined and regulated by Florida Rule of General Practice and Judicial Administration 2.530.

(4)     The notice or order setting the cause for hearing must be in substantial conformity with Florida Family Law Rules of Procedure Forms 12.920(b) and (c) and must contain the following language in **bold** type:

> **SHOULD YOU WISH TO SEEK REVIEW OF THE ~~REPORT AND RECOMMENDATION~~RECOMMENDED ORDER MADE BY THE GENERAL MAGISTRATE, YOU MUST FILE ~~EXCEPTIONS~~A MOTION TO VACATE IN ACCORDANCE WITH RULE 12.490(~~f~~e), ~~FLA. FAM. L. R. P.~~FLORIDA FAMILY LAW RULES OF PROCEDURE. YOU WILL BE REQUIRED TO PROVIDE THE COURT WITH A RECORD SUFFICIENT TO SUPPORT YOUR ~~EXCEPTIONS OR YOUR EXCEPTIONS~~MOTION TO VACATE OR YOUR MOTION WILL BE DENIED. A RECORD ORDINARILY INCLUDES A WRITTEN TRANSCRIPT OF ALL RELEVANT PROCEEDINGS UNLESS WAIVED BY ORDER OF THE COURT PRIOR TO ANY HEARING ON THE MOTION TO VACATE. THE PERSON**

**SEEKING REVIEW MUST HAVE THE TRANSCRIPT PREPARED ~~IF NECESSARY~~ FOR THE COURT'S REVIEW.**

(5)     [No Change]

**(e)     ~~General Magistrate's Report.~~** ~~The general magistrate must file a report that includes findings of fact and conclusions of law, together with recommendations. If a court reporter was present, the report must contain the name and address of the reporter.~~**Entry of Order and Relief from Order.**

(1)     The general magistrate must submit a recommended order to the court that includes findings of fact and conclusions of law.

(2)     If a court reporter was present, the recommended order must contain the name, telephone number, and e-mail address of the court reporter.

(3)     Upon receipt of a recommended order, the court must review the recommended order and must enter the order promptly unless the court finds that the recommended order is facially or legally deficient, in which case, it must identify the deficiency by written order and remand to the general magistrate to address and, if necessary, conduct further proceedings without the necessity of a new order of referral to general magistrate. Any party affected by the recommended order may move to vacate the recommended order by filing a motion to vacate within 10 days from the date of entry. Any party may file a cross-motion to vacate within 5 days of service of a motion to vacate, provided, however, that the filing of a cross-motion to vacate shall not delay the hearing on the motion to vacate unless good cause is shown.

(4)     A motion to vacate the order must be heard within 30 days from the date the motion is filed, unless the time frame is extended by court order. Thereafter, the judge must enter an order rendering a ruling no later than 30 days after the hearing on the motion to vacate.

(5)     The party seeking review shall seek to schedule a hearing date at the same time that the motion to vacate is filed with the court. Failure to seek a hearing date in conformity herewith may result in a denial of the motion to vacate.

(6)     A timely filed motion to vacate stays the enforcement of the recommended order rendered by the court until after the court has conducted a hearing on the motion to vacate and renders an order granting or denying the motion to vacate.

**(f)     Filing Report; Notice; Exceptions.** The general magistrate must file the report and recommendations and serve copies on all parties. The parties may file exceptions to the report within 10 days from the time it is served on them. Any party may file cross-exceptions within 5 days from the service of the exceptions, provided, however, that the filing of cross-exceptions must not delay the hearing on the exceptions unless good cause is shown. If no exceptions are filed within that period, the court must take appropriate action on the report. If exceptions are filed, they must be heard on reasonable notice by either party or the court.

**(g)     Record.** For the purpose of the hearing on exceptionsa motion to vacate, a record, substantially in conformity with this rule, must be provided to the court by the party seeking review if necessary for the court's review.

(1)     The record must consist of the court file, all depositions and documentary and other evidence presented at hearing, including the transcript of the relevant proceedings before the general magistrate and all depositions and evidence presented to the general magistrate. However, the transcript may be waived by order of the court prior to any hearing on the motion to vacate.

(2)     Unless waived by order of the court prior to any hearing on the motion to vacate,T the transcript of all relevant proceedings, if any, must be delivered to the judge and provided to all other parties not less than 48 hours before the hearing on exceptions. If less than a full transcript of the proceedings taken before the general magistrate is ordered preparedfurnished by the exceptingmoving party, that party must promptly file a notice

-10-

setting forth the portions of the transcript that have been ordered. The responding parties must be permitted to designate any additional portions of the transcript necessary to the adjudication of the issues raised in the ~~exceptions~~motion to vacate or cross-~~exceptions~~motion to vacate.

   (3) [No Change]

**Commentary**

[No Change]

**Committee Notes**

[No Change]

## RULE 12.491. CHILD SUPPORT ENFORCEMENT

 **(a)** [No Change]

 **(b)** **Scope.** This rule shall apply to proceedings for:

  (1)-(2) [No Change]

 **(c)** [No Change]

 **(d)** **~~Referral~~Assignment.** Upon the filing of a cause of action or other proceeding for the establishment, enforcement, or modification of support to which this rule applies, the court or clerk of the circuit court shall ~~refer~~assign such proceedings to a support enforcement hearing officer, pursuant to procedures to be established by administrative order of the chief judge.

 **(e)** **General Powers and Duties.** The support enforcement hearing officer shall be empowered to issue process, administer oaths, require the production of documents, and conduct hearings for the purpose of taking evidence. A support enforcement hearing officer does not have the authority to hear contested paternity

cases. <u>All grounds for disqualification of a judge apply to support enforcement hearing officers.</u> Upon the receipt of a support proceeding, the support enforcement hearing officer shall:

(1)    ~~assign~~<u>designate</u> a time and place for an appropriate hearing and give notice to each of the parties as may be required by law;

(A)    The notice or order setting the cause for hearing ~~shall~~<u>must</u> contain the following language in **bold** type:

**SHOULD YOU WISH TO SEEK REVIEW OF THE ORDER UPON THE RECOMMENDATIONS OF THE CHILD SUPPORT ENFORCEMENT HEARING OFFICER, YOU MUST FILE A MOTION TO VACATE WITHIN 10 DAYS FROM THE DATE OF ENTRY OF THE ORDER IN ACCORDANCE WITH FLORIDA FAMILY LAW RULE OF PROCEDURE 12.491(f). YOU WILL BE REQUIRED TO PROVIDE THE COURT WITH A RECORD SUFFICIENT TO SUPPORT YOUR POSITION OR YOUR MOTION WILL BE DENIED. A RECORD ORDINARILY INCLUDES A WRITTEN TRANSCRIPT OF ALL RELEVANT PROCEEDINGS. THE PERSON SEEKING REVIEW MUST HAVE THE TRANSCRIPT PREPARED ~~IF NECESSARY~~ FOR THE COURT'S REVIEW.**

(B)    [No Change]

(2)    take testimony and establish a record, which record may be by electronic means as provided by Florida Rule of <u>General Practice and</u> Judicial Administration 2.535(h);

(3)-(4) [No Change]

**(f)    Entry of Order and Relief from Order.** Upon receipt of a recommended order, the court shall review the recommended order and shall enter an order promptly unless good cause appears to amend the order, conduct further proceedings, or ~~refer~~<u>reassign</u> the

matter back to the hearing officer to conduct further proceedings. If a court reporter was present, the recommended order shall contain the name and address of the reporter. If the hearing was recorded and the litigant did not utilize a court reporter, the order shall contain information as to how a litigant can obtain a copy of the recording. Any party affected by the order may move to vacate the order by filing a motion to vacate within 10 days from the date of entry. Any party may file a cross-motion to vacate within 5 days of service of a motion to vacate, provided, however, that the filing of a cross-motion to vacate shall not delay the hearing on the motion to vacate unless good cause is shown. A motion to vacate the order shall be heard within 10 days after the movant applies for hearing on the motion.

**(g)-(h)** [No change]

## Commentary

[No change]

## Committee Note

[No Change]

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORMS 12.920(a), MOTION FOR REFERRAL TO GENERAL MAGISTRATE, 12.920(b), ORDER OF REFERRAL TO GENERAL MAGISTRATE, and 12.920(c), NOTICE OF HEARING BEFORE GENERAL MAGISTRATE (04/22)

## When should these forms be used?

A **general magistrate** is an attorney appointed by a **judge** to take testimony and recommend orders on certain matters connected with a divorce. These recommended orders are then reviewed and entered by the judge unless contrary to the law or the facts of the case. The primary purposes of having general magistrates hear family law matters are to reduce the costs of litigation and to speed up cases. Either **party** may request that their case, or portions of their case, be heard by a general magistrate by filing **Motion for Referral to General Magistrate**, Florida Family Law Rules of Procedure Form 12.920(a). You must also prepare an **Order of Referral to General Magistrate**, Florida Family Law Rules of Procedure Form 12.920(b), to submit to the judge assigned to your case.

Many times, the court, either on its own motion or under current administrative orders of the court, may refer your case to a general magistrate. Even in those instances, you may be required to prepare and submit an **Order of Referral to General Magistrate**, Florida Family Law Rules of Procedure Form 12.920(b), to the judge.

Once a general magistrate has been appointed to your case, the general magistrate will assign a time and place for a **hearing** as soon as reasonably possible after the referral is made. The general magistrate will give notice of that hearing to each of the parties directly or will direct a party or attorney in the case to file and serve a notice of hearing on the other party. If you are asked to send the notice of hearing, you will need to use the form entitled **Notice of Hearing Before General Magistrate**, Florida Family Law Rules of Procedure Form 12.920(c). Regardless of who prepares the notice of hearing, the moving party (the one who requested referral to the general magistrate) is required to have the notice properly served on the other party.

These forms should be typed or printed in black ink. After completing this form, you should **file** these documents with the **clerk of the circuit court** in the county where your case is filed and keep a copy for your records.

### IMPORTANT INFORMATION REGARDING E-FILING

**THIS LANGUAGE APPLIES ONLY TO FLORIDA FAMILIY LAW RULES OF PROCEDURE FORMS 12.920(a) and 12.920(c) BUT DOES NOT APPLY TO FLORIDA FAMILY LAW RULE OF PROCEDURE FORM 12.920(b).**

The Florida Rules of General Practice and Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented**

Instructions for Florida Family Law Rules of Procedure Forms 12.920(a), Motion for Referral to General Magistrate, 12.920(b), Order of Referral to General Magistrate, and 12.920(c), Notice of Hearing Before General Magistrate (04/22)

–14–

**litigants may file petitions or other pleadings or documents electronically, however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

The copy you are providing to the other party must be either mailed, e-mailed, or hand-delivered to the opposing party or his or her attorney on the same day indicated on the certificate of service. If it is mailed, it must be postmarked on the date indicated in the certificate of service.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. You must strictly comply with the format requirements set forth in the Rules of General Practice and Judicial Administration. If you elect to participate in electronic service, which means serving or receiving pleadings by e-mail, or through the Florida Courts E-Filing Portal, you must review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL, HOWEVER THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail address by using the **Designation of Current Mailing and E-mail Address,** Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General)**, Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

## What should I do next?

If you are filing a **Motion for Referral to General Magistrate**, Florida Family Law Rules of Procedure Form 12.920(a), you need to send or deliver your motion directly to the judge assigned to your case, along with an **Order of Referral to General Magistrate**, Florida Family Law Rules of Procedure Form 12.920(b), and an addressed, stamped envelope for each party in the case. The judge will then either grant or deny the motion, usually without a hearing.

Instructions for Florida Family Law Rules of Procedure Forms 12.920(a), Motion for Referral to General Magistrate, 12.920(b), Order of Referral to General Magistrate, and 12.920(c), Notice of Hearing Before General Magistrate (04/22)

-15-

If you are required to submit an **Order of Referral to General Magistrate**, Florida Family Law Rules of Procedure Form 12.920(b), to the judge assigned to your case, you will need to send or deliver the order directly to the judge, along with addressed, stamped envelopes for each party in the case.

The party who prepares any of these forms must file this document with the clerk of the circuit court. A copy of the motion must be served on any other party in your case. **Service** must be in accordance with Florida Rule of General Practice and Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see Florida Family Law Rule of Procedure 12.490.

## Special notes...

**IMPORTANT: After the judge refers your case to a general magistrate, either party (including the party who was required to prepare and submit the Order of Referral) may object to the referral within 10 days of the date that the referral is made (if the Order of Referral is served by mail, the parties have an additional 5 days within which to object to the referral). Every litigant is entitled to have his or her case heard by a judge.** However, before you decide to object to an Order of Referral to General Magistrate, you should consider the potential extra costs and time delays that may result from having a judge hear your case instead of a general magistrate. You may want to speak with an attorney in your area who can assist you in making a more informed decision regarding whether you should file an objection to an Order of Referral to General Magistrate.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Forms 12.920(a), Motion for Referral to General Magistrate, 12.920(b), Order of Referral to General Magistrate, and 12.920(c), Notice of Hearing Before General Magistrate (04/22)

-16-

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

## MOTION FOR REFERRAL TO GENERAL MAGISTRATE

I, *{full legal name}* _____, request that the Court enter an order referring this case to a general magistrate.  The case should be referred to a general magistrate on the following issues: *{explain}*

_____

_____

_____

_____

_____

I certify that a copy of this document was [check all used]: (    ) emailed (    ) mailed (    ) faxed

(    ) hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Email Address(es):_____

_____
Signature of Party or his/her attorney:
Printed Name: _____
Address:_____
City, State, Zip:_____

Florida Family Law Rules of Procedure Form 12.920(a), Motion for Referral to General Magistrate (04/22)

Telephone Number:_____

Fax Number:_____

Email Address(es):_____

Florida Bar Number:_____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Petitioner (    ) Respondent

This form was completed with the assistance of:

*{name of individual}*_____,

*{name of business}* _____,

*{address}* _____,

*{city}* _____,*{state}* _____, *{telephone number}* _____.

Florida Family Law Rules of Procedure Form 12.920(a), Motion for Referral to General Magistrate (04/22)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____

Division: _____

_____

_____,
Petitioner,

and

_____,
Respondent.

# ORDER OF REFERRAL TO GENERAL MAGISTRATE

THIS CASE IS REFERRED TO THE GENERAL MAGISTRATE on the following issues:

1.  _____
2.  _____
3.  _____
4.  _____
AND ANY OTHER MATTER RELATED THERETO.

IT IS FURTHER ORDERED that the above issues are referred to General Magistrate
*{name}* _____ ,
for further proceedings, under rule 12.490 of the Florida Family Law Rules of Procedure and current administrative orders of the Court.  Financial Affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c), shall be filed in accordance with Florida Family Law Rule of Procedure 12.285.  The General Magistrate is authorized to administer oaths and conduct hearings, which may include taking of evidence, and shall file a recommended order that contains findings of fact, conclusions of law, and the name of the court reporter, if any.

The General Magistrate shall assign a time for the proceedings as soon as reasonably possible after this referral is made and shall give notice to each of the parties either directly or by directing counsel or a party to file and serve a notice of hearing.

Counties within the State of Florida may have different rules.  Please consult the (…..) Clerk of the Court (…..) Family Law Intake Staff (…..) other _____ relating to this procedure.

**A REFERRAL TO A GENERAL MAGISTRATE REQUIRES THE CONSENT OF ALL PARTIES. YOU ARE ENTITLED TO HAVE THIS MATTER HEARD BY A JUDGE.  IF YOU DO NOT WANT TO HAVE THIS MATTER HEARD BEFORE THE GENERAL MAGISTRATE, YOU MUST FILE A WRITTEN OBJECTION TO THE REFERRAL WITHIN 10 DAYS OF THE TIME OF SERVICE OF THIS ORDER.  IF THE TIME SET FOR THE HEARING IS LESS**

Florida Family Law Rules of Procedure Form 12.920(b), Order of Referral to General Magistrate (04/22)

**THAN 10 DAYS AFTER SERVICE OF THIS ORDER, THE OBJECTION MUST BE FILED BEFORE COMMENCEMENT OF THE HEARING.  IF THIS ORDER IS SERVED WITHIN THE FIRST 20 DAYS AFTER SERVICE OF PROCESS, THE TIME TO FILE AN OBJECTION IS EXTENDED TO THE TIME WITHIN WHICH A RESPONSIVE PLEADING IS DUE.  FAILURE TO FILE A WRITTEN OBJECTION WITHIN THE APPLICABLE TIME PERIOD IS DEEMED TO BE A CONSENT TO THE REFERRAL.**

If either party files a timely objection, this matter shall be returned to the undersigned judge with a notice stating the amount of time needed for hearing.

**REVIEW OF THE RECOMMENDED ORDER MADE BY THE GENERAL MAGISTRATE MUST BE BY A MOTION TO VACATE AS PROVIDED IN RULE 12.490(e), FLORIDA FAMILY LAW RULES OF PROCEDURE. A RECORD, WHICH INCLUDES A TRANSCRIPT, IS REQUIRED TO SUPPORT THE MOTION TO VACATE, UNLESS WAIVED BY ORDER OF THE COURT PRIOR TO ANY HEARING ON THE MOTION TO VACATE.**

YOU ARE ADVISED THAT IN THIS CIRCUIT:

a. _____electronic recording is provided by the court. A party may provide a court reporter at that party's expense.

b._____ a court reporter is provided by the court.

c. _____ no electronic recording is provided by the court and the court does not provide a court reporter. A party may provide a court reporter at that party's expense.

**SHOULD YOU WISH TO SEEK REVIEW OF THE RECOMMENDED ORDER MADE BY THE GENERAL MAGISTRATE, YOU MUST FILE A MOTION TO VACATE IN ACCORDANCE WITH RULE 12.490(e), FLORIDA FAMILY LAW RULES OF PROCEDURE.  YOU WILL BE REQUIRED TO PROVIDE THE COURT WITH A RECORD SUFFICIENT TO SUPPORT YOUR MOTION TO VACATE, OR YOUR MOTION WILL BE DENIED.  A RECORD ORDINARILY INCLUDES A WRITTEN TRANSCRIPT OF ALL RELEVANT PROCEEDINGS UNLESS WAIVED BY ORDER OF THE COURT PRIOR TO ANY HEARING ON THE MOTION TO VACATE.  THE PERSON SEEKING REVIEW MUST HAVE THE TRANSCRIPT PREPARED FOR THE COURT'S REVIEW.**

ORDERED on _____.

_____
CIRCUIT JUDGE

COPIES TO:
Petitioner (or his or her attorney)
Respondent (or his or her attorney
)General Magistrate

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# NOTICE OF HEARING BEFORE GENERAL MAGISTRATE

[fill in **all** blanks]
TO: _____

There will be a hearing before General Magistrate *{name of general magistrate}*_____,
on *{date}* _____, at *{time}* ____ m., in Room _____ of the _____
Courthouse, on the following issues: _____
_____
_____
_____hour(s)/ _____ minutes have been reserved for this hearing.
PLEASE GOVERN YOURSELF ACCORDINGLY.

**If the matter before the General Magistrate is a Motion for Civil Contempt/Enforcement, FAILURE TO APPEAR AT THE HEARING MAY RESULT IN THE COURT ISSUING A WRIT OF BODILY ATTACHMENT FOR YOUR ARREST.  IF YOU ARE ARRESTED, YOU MAY BE HELD IN JAIL UP TO 48 HOURS BEFORE A HEARING IS HELD.**

**IF THIS IS A CONTEMPT PROCEEDING:**

**YOUR ABILITY TO PAY IS A CRITICAL ISSUE IN A CONTEMPT PROCEEDING;**

**YOU ARE STRONGLY URGED TO PREPARE AND FILE A FAMILY LAW FINANCIAL AFFIDAVIT PRIOR TO THE HEARING IN ORDER FOR THE COURT TO BE ABLE TO ELICIT RELEVANT FINANCIAL INFORMATION FROM YOU; YOU WILL BE PROVIDED AN OPPORTUNITY AT THE HEARING TO RESPOND TO STATEMENTS AND QUESTIONS ABOUT YOUR FINANCIAL STATUS; AND**

**TO BE HELD IN CONTEMPT, THE COURT MUST MAKE AN EXPRESS FINDING THAT YOU HAVE THE ABILITY TO PAY.**

PLEASE GOVERN YOURSELF ACCORDINGLY.

**This part to be filled out by the court or filled in with information you have obtained from the court**:

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact:**

*{identify applicable court personnel by name, address, and telephone number}* **at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**SHOULD YOU WISH TO SEEK REVIEW OF THE RECOMMENDED ORDER MADE BY THE GENERAL MAGISTRATE, YOU MUST FILE A MOTION TO VACATE IN ACCORDANCE WITH RULE 12.490(e), FLORIDA FAMILY LAW RULES OF PROCEDURE.  YOU WILL BE REQUIRED TO PROVIDE THE COURT WITH A RECORD SUFFICIENT TO SUPPORT YOUR MOTION TO VACATE, OR YOUR MOTION WILL BE DENIED.  A RECORD ORDINARILY INCLUDES A WRITTEN TRANSCRIPT OF ALL RELEVANT PROCEEDINGS UNLESS WAIVED BY ORDER OF THE COURT PRIOR TO ANY HEARING ON THE MOTION TO VACATE.  THE PERSON SEEKING REVIEW MUST HAVE THE TRANSCRIPT PREPARED FOR THE COURT'S REVIEW.**

YOU ARE HEREBY ADVISED THAT IN THIS CIRCUIT:

a. _____electronic recording is provided by the court. A party may provide a court reporter at that party's expense.
b._____ a court reporter is provided by the court.
c. _____ no electronic recording is provided by the court and the court does not provide a court reporter. A party may provide a court reporter at that party's expense.

If you are represented by an attorney or plan to retain an attorney for this matter you should notify the attorney of this hearing.

If this matter is resolved, the moving party shall contact the General Magistrate's Office to cancel this hearing.

I certify that a copy of this document was [check **one** only]:  (   ) mailed  (   ) faxed and mailed (   ) hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Email Address(es):_____

                                    _____
                                    Signature of Party or his/her Attorney
                                    Printed Name: _____
                                    Address:_____
                                    City, State, Zip:_____
                                    Telephone Number:_____
                                    Fax Number:_____
                                    Email Address(es):_____
                                    Florida Bar Number:_____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (   ) Petitioner (   ) Respondent
This form was completed with the assistance of:
*{name of individual}*_____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____, *{telephone number}* _____.